UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EARL SCOTT AND HELEN SCOTT,

                Plaintiffs,

    -against-                                       Report & Recommendation
"JOHN DOE CORPORATION" d/b/a "DAYS INN,"      01-CV-5910 (CBA)(JMA)

                Defendant.
-----------------------------------------------------------------X
A P P E A R A N C E S:

Philip J. Dinhofer, Esq.
450 Seventh Avenue - Suite 2806
New York, NY 10123
Attorney for Plaintiffs

AZRACK, United States Magistrate Judge:

      By Order dated July 1, 2004, the above captioned action was referred to me by the Honorable Carol Bagley Amon for a report and recommendation on plaintiffs' application for damages against defaulting defendant "John Doe Corp." d/b/a/ "Days Inn". A hearing was held on February 23, 2005, to assist in the determination of damages. I issued a report and recommendation on damages on March 18, 2005. Plaintiffs filed an objection to the report on March 23, 2005, partly on the grounds that it was issued before the expiration of the 30 day period in which to arrange for the testimony of plaintiff Earl Scott's physician. In an Order dated April 4, 2005, Judge Amon referred the case back to me with instructions to hear the physician's testimony and file a supplemental report. I held a hearing on May 31, 2005, at which Dr. Eli Bryk, Earl Scott's physician, testified. Based on Dr. Bryk's testimony, and considering the testimony given at the first hearing in light of the physician's testimony, I renew my recommendation that damages be awarded to plaintiffs in the sum of $10,154.

Dr. Bryk is a board certified orthopedic surgeon, affiliated with two hospitals, St. Vincent's and Kingsbrook Jewish. Dr. Bryk is the Chair of Orthopedic Surgery at St. Vincent's and the Chief of Orthopedic Surgery at Kingsbrook Jewish. The physician testified that he examined Earl Scott (hereinafter plaintiff) for the first time on July 22, 1997, more than a year before the accident which is the subject of this lawsuit. Plaintiff complained at the July 22, 1997 appointment of lower back pain radiating down both legs. Dr. Bryk called for an MRI and x-rays. He personally reviewed these records, which indicated spinal stenosis of two vertebrae and arthritic degeneration in plaintiff's spine. Dr. Bryk prescribed physical therapy.

Plaintiff went again to Dr. Bryk on June 18, 1998, complaining of pain radiating down his left side and of coldness in his feet. Dr. Bryk referred plaintiff to a vascular surgeon, but could not recall whether plaintiff visited one.

On September 4, 1998, plaintiff fell in a hotel bathroom and was injured. Plaintiff went to Dr. Bryk on September 24, 1998. Plaintiff reported that his pain had increased significantly, and was at that time radiating from his back down his right side. An examination of plaintiff included a negative straight leg raise, which meant that there was no evidence of pressure on plaintiff's nerve root. Dr. Bryk ordered an MRI and x-rays, and upon review of these records, noted a compression fracture of the L4 vertebra and the same degenerative changes that were present prior to the accident. A compression fracture is the collapsing or flattening of the vertebra. Dr. Bryk testified that a fall in the bathtub could cause a compression fracture, and that a compression fracture can cause pain and decreased mobility. There was no evidence from the September 24, 1998 visit that the fracture caused restriction in mobility in plaintiff's spine. Dr. Bryk testified, however, to plaintiff's physical therapy

2

records from before the accident, which indicated that plaintiff's range of motion before the accident was normal except to the extent that plaintiff experienced pain at the end range of motion.

Dr. Bryk testified to plaintiff's further course of treatment. Physical therapy began on October 1, 1998, at which time plaintiff demonstrated limited mobility in his trunk. Physical therapy ended on October 14, 1998, and a note accompanying treatment on that date stated that plaintiff experienced pain at his end range of motion. Dr. Bryk saw plaintiff on October 20, 1998, and noted that plaintiff's pain had decreased, and that plaintiff's health was improving. Dr. Bryk reported that plaintiff on that date was able to flex his back with only moderate discomfort. Dr. Bryk told plaintiff at that time to call if he needed the physician. Plaintiff never called Dr. Bryk again, and October 20, 1998 was plaintiff's last visit to Dr. Bryk. This was not unusual, the physician testified, as the only real course of treatment for a compression fracture of a vertebra is observation.

> Q [MR. DINHOFER]: We've had testimony from Earl Scott here in this case that he still continues to suffer from restrictions and limitations in the movements in the extremities of his lumbar spine as a result of this fracture injury. Would that be something consistent with the finding of a compression fracture –
> A [DR. BRYK]: No.
> Q: – that you had?
> A: No.
> Q: It would not be consistent?
> A: Usually most patients do fine and after awhile it heals and they do okay, especially the younger ones.
> Q: Okay. You said most patients, but some do have prolonged symptomology?
> A: If they're particularly younger patients – he's only how old here?
> Q: 57 years old.
> A: 57. Yeah, they generally – eventually it heals. You know, you don't do anything to make it heal. They heal on their own and then they're okay.
> Q: There's no residual limitations to motions from the –
> A: You know, very limited. It's not one of those fractures that, you know – the only treatment for it is observation. Anybody who gets a compression fracture – unless

there's evidence of compression of the spinal canal, which there wasn't based on the
MRI, the treated [sic] is expected. In other words, most patients just get better after
just observation. In this case I told him – I had him coming back [] after a few weeks,
so I imagine he was doing pretty well.

Damages Inquest Transcript at 16-18. Dr. Bryk lastly testified that the fall and compression fracture might temporarily worsen plaintiff's degenerative spinal condition.

The testimony of plaintiff's physician does not persuade me to recommend additional damages. Dr. Bryk testified that there is no course of treatment for a compression fracture of the vertebra aside from observation. If a patient's pain increases, he should contact his physician. Otherwise, the fracture heals on its own. Dr. Bryk testified that when he last saw plaintiff, plaintiff's health was improving.

> THE COURT: By October 20th did you feel he was almost recovered?
> THE WITNESS: Yeah, he was improving. He was following the expected
> recovery of a patient with this type of an injury. There was nothing unusual or out of
> character about his course.

Damages Inquest Transcript at 19.

If this testimony does anything, it increases my confidence that the damages award in the first report and recommendation was sufficient. I respectfully recommend that damages be awarded to plaintiff and his wife in the sum of $10,154. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72, 6(a), 6(e).

SO ORDERED.

Dated: Brooklyn, New York
June 21, 2005

\_\_\_\_/s/_____
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE